# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TAMARA K. HALSEY,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00037 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CAROLYN W. COLVIN, ACTING** ) | By:  James P. Jones |
| **COMMISSIONER OF SOCIAL** ) | United States District Judge |
| **SECURITY,** [1] ) | |
| ) | |
| Defendant. ) | |

*Michael F. Gibson, Gibson, Lefler & Associates, Princeton, West Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Cathleen McNulty, Assistant Regional Counsel, and Alexander L. Cristaudo, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I find that I lack subject matter jurisdiction to review the Commissioner's decision not to reopen the claimant's earlier application, and I will dismiss the case on that basis.

I

Plaintiff Tamara K. Halsey filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") granting her claim for

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Fed. R. Civil P. 25(d).

disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-34 (West 2011 & Supp. 2013), 1381-83f (West 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Halsey protectively filed her first application for benefits on April 16, 2006, alleging disability beginning on October 30, 2005, due to injuries suffered in a 2004 automobile accident. Her claim was denied initially and upon reconsideration. Administrative Law Judge ("ALJ") Karen Peters held two hearings, and on November 5, 2007, ALJ Peters issued a decision finding that Halsey had not been disabled as defined by the Act from October 30, 2005, through the date of the decision. Halsey requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review, thereby making the ALJ's decision the final decision of the Commissioner. Halsey then filed a complaint in this court seeking judicial review of the Commissioner's decision, and the court affirmed the Commissioner's denial of benefits. *Halsey v. Astrue*, No. 1:08CV00004, 2009 WL 187696 (W.D. Va. Jan. 23, 2009) (Williams, J.).

Several days after issuance of the court's decision, Halsey protectively filed a second application for benefits, again alleging a disability onset date of October 30, 2005, due to injuries from the same motor vehicle accident. This second claim

was denied initially and upon reconsideration. On November 5, 2010, however, ALJ Robert S. Habermann issued a fully favorable decision in which he found that Halsey had been under a disability beginning on October 30, 2005. Five days later, ALJ Habermann issued an amended decision finding that Halsey's disability onset date was November 6, 2007, the day after issuance of ALJ Peters's earlier decision denying benefits, rather than October 30, 2005. The Appeals Council denied Halsey's request for review of ALJ Habermann's amended decision, making it the final decision of the Commissioner. Halsey then filed her Complaint in this court.

The parties have filed cross motions for summary judgment, which have been briefed. The case is now ripe for decision.

II

Halsey argues that ALJ Habermann constructively reopened Halsey's prior claim for benefits by considering evidence dating to before ALJ Peters's decision denying Halsey's first claim. Halsey further argues that ALJ Habermann's amended decision was based on his erroneous belief that he did not have authority to reopen the prior application. Thus, according to Halsey, I should overrule the amended decision and grant benefits retroactively to October 30, 2005, based on ALJ Habermann's original decision.

The Commissioner counters that ALJ Habermann did not constructively reopen the first application because he expressly stated in his original decision that he did not find a basis for reopening Halsey's prior application. According to the Commissioner, res judicata precludes a finding of disability during the previously adjudicated period of October 30, 2005, through November 5, 2007.

"The combined effect of 42 U.S.C. § 405(g) and (h) is to establish a power in the [Commissioner] to deny any social security claim on the basis that it has earlier been denied on the merits by a final administrative decision, i.e., to apply administrative res judicata in bar." *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981). "An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought." *Id.* Federal courts generally do not have subject matter jurisdiction to review a decision by the Commissioner not to reopen a prior claim. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

Nevertheless, where a claim would be barred by res judicata because the same claim was previously adjudicated, but the agency has reconsidered it on the merits, it is treated as having been reopened as a matter of administrative

discretion, and the reopening is subject to judicial review. *McGowen*, 666 F.2d at 65; *see also* 20 C.F.R. §§ 404.987-.996 (2013).

     I find that the portion of Halsey's second application that sought benefits for the period from October 30, 2005, through November 5, 2007, was the same claim that was advanced in her first application for benefits, and ALJ Habermann properly concluded that res judicata applied to bar reconsideration of that claim. The second application encompassed the time period for which Halsey sought benefits in her first application, and both applications claimed the same impairments caused by the same automobile accident. Halsey does not dispute this. Therefore, the portion of Halsey's second application that sought benefits for a time period prior to ALJ Peters's denial was barred by administrative res judicata.

     I further find that ALJ Habermann did not reopen Halsey's first application. ALJ Habermann expressly stated in his original decision that he did not find a basis for reopening Halsey's prior application. Although he did review some evidence relating to the earlier time period, he did not indicate that he gave any weight to this evidence, and he gave significant weight to two medical opinions that were issued after ALJ Peters's denial and that related to Halsey's condition at the time the reports were written. Merely reviewing evidence relating to the time period of the earlier application does not amount to constructive reopening, as an

ALJ necessarily must review such evidence to determine whether grounds exist to reopen the earlier application.  *See McGowen*, 666 F.2d at 67.  Moreover, ALJ Habermann's initial indication of an October 30, 2005, disability onset date appears to be a mere typographical error.  Indeed, ALJ Habermann promptly amended his decision just days after issuing his original written decision, stating that his purpose was to amend a typographical error.

Because Halsey's second application was barred by administrative res judicata to the extent it sought to relitigate her first application, and because the Commissioner did not reopen Halsey's first application, I do not have subject matter jurisdiction and must dismiss this case.

III

For the foregoing reasons, this case will be dismissed for lack of subject matter jurisdiction.

DATED:  September 4, 2013

/s/  James P. Jones
United States District Judge